**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>DRAW ANOTHER CIRCLE, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 47-1142102 | Chapter 11<br><br>Case No.: 16-_____ (___) |
| In re<br><br>HASTINGS ENTERTAINMENT, INC.,<br><br>Debtor.<br><br>Tax I.D. No. 75-1386375 | Chapter 11<br><br>Case No.: 16-_____ (___) |
| In re<br><br>MOVIESTOP, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 27-4829645 | Chapter 11<br><br>Case No.: 16-_____ (___) |
| In re<br><br>SP IMAGES, INC.,<br><br>Debtor.<br><br>Tax I.D. No. 47-1357773 | Chapter 11<br><br>Case No.: 16-_____ (___) |

In re

HASTINGS INTERNET, INC.,

                    Debtor.

Tax I.D. No. 85-0450809

Chapter 11

Case No.:  16-_____  (__)

### DEBTORS' MOTION FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES FOR PROCEDURAL PURPOSES ONLY

Draw Another Circle, LLC ("DAC"), and its chapter 11 affiliates, the debtors and debtors in possession (collectively, the "Debtors")[1] in the above captioned chapter 11 cases (the "Cases"), hereby move the Court (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing and directing the joint administration of the Debtors' related chapter 11 cases for procedural purposes only.   In support of the Motion, the Debtors rely on the *Declaration of Duane A. Huesers in Support of Debtors' First Day Pleadings* (the "First Day Declaration")[2] concurrently filed herewith.   In further support of the Motion, the Debtors respectfully represent as follows:

### JURISDICTION

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over these Cases and the Motion pursuant to 28 U.S.C. §§ 157 and

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Draw Another Circle, LLC (2102); Hastings Entertainment, Inc. (6375); MovieStop, LLC (9645); SP Images, Inc. (7773); and Hastings Internet, Inc. (0809).   The Debtors' executive headquarters are located at 3601 Plains Boulevard, Amarillo, TX 79102.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Day Declaration.

2

1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of these Cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.      Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to the Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3.      The statutory and legal predicates for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015, and Local Rule 1015-1.

### **BACKGROUND**

4.      On the date hereof (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code.

5.      The Debtors are authorized to continue to operate their businesses and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or statutory committee has been appointed in these Cases by the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee").

6.      Founded in 1968, Hastings Entertainment, Inc. ("Hastings"), a Texas corporation, is a leading multimedia entertainment and lifestyle retailer. Hastings operates entertainment superstores that buy, sell, trade and rent various home entertainment products, including books, music, software, periodicals, movies on DVD and Blu-ray, video games, video game consoles, hobby, sports and recreation, lifestyle and consumer electronics. Hastings also

offers consumables and trends products such as apparel, t-shirts, action figures, posters, greeting cards and seasonal merchandise.  With the assistance of over 3,500 employees, Hastings operates 123 superstores, averaging approximately 24,000 square feet, principally in medium-sized markets located in 19 states, primarily in the Northwestern, Midwestern, and Southeastern United States.

7.      Hastings also operates a multimedia entertainment e-commerce web site, goHastings.com, which offers a broad selection of books, software, video games, movies on DVD and Blu-ray, music, trends, comics, sports, recreation, and electronics.  Hastings fills orders for new and used products placed at the website and also through Amazon and eBay Marketplaces using its proprietary goShip program, which allows Hastings to ship directly from its stores or distribution center.  Hastings has one wholly-owned subsidiary, Hastings Internet, Inc.  In 2015, Hastings generated revenue totaling approximately $401.1 million.

8.      MovieStop, LLC ("MovieStop"), a Delaware limited liability company, is a value retailer of new and used movies based in Atlanta, Georgia.  MovieStop currently operates 39 destination locations in 10 states, primarily along the Eastern United States Coast.  MovieStop is conducting store closing sales at all of its locations, and anticipates completion of all store closings by the end of July.

9.      SP Images, Inc. ("SPI"), a Massachusetts corporation, is a full-service licensed distributor of sports and entertainment products and apparel headquartered in Franklin, Massachusetts.  SPI specializes in providing retail partners with an unmatched assortment of licensed merchandise that allows them to maximize turns, sales and gross margins.  SPI stocks over 20,000 individual items licensed by Major League Baseball, the National Football League,

the National Hockey League, the National Basketball Association, Marvel Comics, DC Comics and many more.

10.    Hastings, MovieStop and SPI are each wholly-owned subsidiaries of DAC.

11.    As is further discussed in the First Day Declaration filed contemporaneously herewith, the Debtors commenced these chapter 11 cases to (i) effectuate the sale of Hastings pursuant to a Court-approved bidding and auction process; (ii) complete the liquidation of the MovieStop business for the benefit of creditors; (iii) preserve SPI's business through a going concern sale process; and (iv) liquidate all of the Debtors' remaining assets and discontinue all business lines that cannot be sold for value.

12.    More detailed factual background regarding the Debtors and the commencement of these Cases is set forth in the First Day Declaration.

## RELIEF REQUESTED

13.    By this Motion, the Debtors seek entry of an order directing the joint administration of their Cases and the consolidation thereof for procedural purposes only.  The Debtors also request that the caption of their Cases be modified to reflect their joint administration as follows:

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| DRAW ANOTHER CIRCLE, LLC, *et al.*,[1] | Case No.: 16- ( _____ ) |
| Debtors. | (Jointly Administered) |

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Draw Another Circle, LLC (2102); Hastings Entertainment, Inc. (6375); MovieStop, LLC (9645); SP Images, Inc. (7773); and Hastings Internet, Inc. (0809).  The Debtors' executive headquarters are located at 3601 Plains Boulevard, Amarillo, TX 79102.

14.     In addition, the Debtors request that the Court establish a joint docket and file for these Cases, and direct the clerk of the Court (the "Clerk") to make a notation substantially similar to the following on the docket of each Debtor (other than DAC):

> An order has been entered in this case directing the joint administration of the chapter 11 cases of Draw Another Circle, LLC, Hastings Entertainment, Inc., MovieStop, LLC, SP Images, Inc., Hastings Internet, Inc. and all subsequently filed chapter 11 cases of such debtors' affiliates.  The docket in the chapter 11 case of Draw Another Circle, LLC, Case No. 16-_____(__) should be consulted for all matters affecting this case.

15.     Finally, the Debtors request that the Court permit use of a combined service list and combined notices.

## BASIS FOR RELIEF

16.     Bankruptcy Rule 1015(b) provides that if two or more petitions are pending in the same court by or against a debtor and an affiliate, joint administration is permissible.  *See* Fed. R. Bankr. P. 1015(b).  Additionally, Local Rule 1015-1 permits entry of such an order without notice or the opportunity for a hearing if the Debtors demonstrate that such treatment is warranted.

17.     Bankruptcy Rule 1015 promotes the efficient and economical administration of affiliated debtors' related cases, while also ensuring that individual creditors' rights are not unduly prejudiced.  *See In re Brookhollow Assocs.*, 435 F. Supp. 763, 766 (D. Mass. 1977) (stating that joint administration "help[s] the bankruptcy court to administer economically and efficiently different estates with substantial interests in common"), *aff'd*, 575 F.2d 1003 (1st Cir. 1978); *In re Parkway Calabasas, Ltd.*, 89 B.R. 832, 836 (Bankr. C.D. Cal.

1988) ("The purpose of joint administration is to make case administration easier and less expensive than in separate cases, without affecting the substantive rights of creditors . . . ."). As stated in the Official Committee Note to Bankruptcy Rule 1015, joint administration expedites cases and reduces their overall cost:

> Joint administration as distinguished from consolidation may include combining the estates by using a single docket for the matters occurring in the administration, including the listing of filed claims, the combining of notices to creditors of the different estates, and the joint handling of other purely administrative matters that may aid in expediting the cases and rendering the process less costly.

Fed. R. Bankr. P. 1015 (Committee Note ¶ 4).

18.     Joint administration is warranted in these Cases because (i) the Debtors' financial affairs and business operations are closely related, and (ii) joint administration will ease the administrative burden on the Court and other parties.

19.     Debtor DAC is the corporate parent of all of the Debtors and the Debtors share many creditors and parties-in-interest.  As a result, joint administration will prevent duplicative efforts and unnecessary expenses, without any risk of prejudice to creditors, because the relief sought herein does not seek to consolidate the Debtors for substantive purposes.

20.     With five affiliated debtors, each with its own case docket, administering these Cases separately would result in duplicative pleadings, notices, and orders filed and served upon separate service lists.  This unnecessary duplication would be costly for the estates and would not create any counterbalancing benefit for creditors.

21.     Separate administration would also tax the estates' administration, diverting valuable resources away from substantive issues.  In contrast, joint administration will permit the Clerk to use a single general docket for each of the Cases and to combine notices to

creditors and other parties in interest of the Debtors' respective estates, eliminating the confusion and waste that would be caused by separate administration.

22.     Finally, maintaining separate cases may confuse creditors.  By jointly administering the estates, creditors and other parties in interest will receive notice of all matters involving all of the entities that are required to be served on such parties (respectively), thereby ensuring that creditors and other parties in interest are fully informed of all matters potentially affecting their claims.  Further, using a simplified caption page for all pleadings will eliminate cumbersome pleadings and ensure a uniformity of pleading identification.

23.     The Debtors request that the official caption to be used by all parties in all pleadings in the jointly administered cases be in the form set forth above.  The Debtors submit that use of the simplified caption will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification.

24.     The relief requested herein is purely procedural and is not intended to and does not effectuate substantive consolidation of the Debtors' estates.  Thus, there will be no material prejudice to creditors or other parties in interest if these estates are jointly administered.  Indeed, the interests of all creditors will be served by the reduction in costs and administrative burdens resulting from joint administration.

**NOTICE**

25.     The Debtors will provide notice of this Motion to:  (i) the U.S. Trustee; (ii) holders of the thirty (30) largest unsecured claims on a consolidated basis against the Debtors; (iii) Bank of America, N.A.; (iv) Pathlight Capital LLC; and (v) all parties who, as of the filing of this Motion, have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.  As this Motion is seeking "first day" relief, within two business days of

the hearing on this Motion, the Debtors will serve copies of this Motion and any order entered in respect to this Motion as required by Local Rule 9013-1(m).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

26.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.


*[remainder of page intentionally left blank]*

## CONCLUSION

WHEREFORE, for the reasons set forth herein and in the First Day Declaration, the Debtors respectfully request that this Court enter an order, substantially in the form attached hereto, granting the relief requested in the Motion and such other and further relief as is just and proper.

Dated: June 13, 2016  
      Wilmington, Delaware

Respectfully submitted,

*/s/  Christopher M. Samis*
Christopher M. Samis (No. 4909)
L. Katherine Good (No. 5101)
Chantelle D. McClamb (No. 5978)
WHITEFORD, TAYLOR & PRESTON LLC
The Renaissance Centre, Suite 500
405 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 353-4144
Email:    csamis@wtplaw.com
            kgood@wtplaw.com
            cmcclamb@wtplaw.com

- and –

Cathy Hershcopf, Esq.
Michael Klein, Esq.
Robert Winning, Esq.
COOLEY LLP
1114 Avenue of the Americas
New York, New York 01136
Telephone:  (212) 479-6000
Email:    chershcopf@cooley.com
            mklein@cooley.com
            rwinning@cooley.com

*Proposed Counsel for the Debtors and Debtors in Possession*

10

## EXHIBIT A

**Proposed Order**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>DRAW ANOTHER CIRCLE, LLC,<br><br>                     Debtor.[1] | Chapter 11<br><br>Case No.:  16-_____ (___)<br><br><br>**Re: Docket No. _____** |
| In re<br><br>HASTINGS ENTERTAINMENT, INC.,<br><br>                     Debtor. | Chapter 11<br><br>Case No.:  16-_____ (___)<br><br><br>**Re: Docket No. _____** |
| In re<br><br>MOVIESTOP, LLC,<br><br>                     Debtor. | Chapter 11<br><br>Case No.:  16-_____ (___)<br><br><br>**Re: Docket No. _____** |
| In re<br><br>SP IMAGES, INC.,<br><br>                     Debtor. | Chapter 11<br><br>Case No.:  16-_____ (___)<br><br><br>**Re: Docket No. _____** |
| In re<br><br>HASTINGS INTERNET, INC.,<br><br>                     Debtor. | Chapter 11<br><br>Case No.:  16-_____ (___)<br><br><br>**Re: Docket No. _____** |

# ORDER DIRECTING JOINT ADMINISTRATION OF
## RELATED CHAPTER 11 CASES FOR PROCEDURAL PURPOSES ONLY

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Draw Another Circle, LLC (2102); Hastings Entertainment, Inc. (6375); MovieStop, LLC (9645); SP Images, Inc. (7773); and Hastings Internet, Inc. (0809).  The Debtors' executive headquarters are located at 3601 Plains Boulevard, Amarillo, TX 79102.

Upon the motion (the "Motion")[2] of Draw Another Circle, LLC and its chapter 11 affiliates, the debtors and debtors in possession (the "Debtors") in the above-captioned jointly administered chapter 11 cases (the "Cases"), for entry of an order, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, authorizing and directing the joint administration of the Debtors' related chapter 11 cases for procedural purposes only; and upon consideration of the First Day Declaration and the record of these chapter 11 cases; and it appearing that the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that the Motion is a core matter pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of these Cases and of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of the Motion has been given under the circumstances, and that no other or further notice need be given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby **ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Motion is GRANTED, as set forth herein.

2.      The above-captioned Cases are hereby consolidated for procedural purposes only and shall be jointly administered by this Court.  Nothing contained in this Order

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

2

shall be deemed or construed as directing or otherwise effecting a substantive consolidation of

the above-captioned cases.

        3.      The caption of the jointly administered Cases shall read as follows:

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| DRAW ANOTHER CIRCLE, LLC, *et al.*,[1] | Case No.: 16- ( _____ ) |
| Debtors. | (Jointly Administered) |

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Draw Another Circle, LLC (2102); Hastings Entertainment, Inc. (6375); MovieStop, LLC (9645); SP Images, Inc. (7773); and Hastings Internet, Inc. (0809). The Debtors' executive headquarters are located at 3601 Plains Boulevard, Amarillo, TX 79102.

        4.      The foregoing caption shall satisfy the requirements of section 342(c)(1)

of the Bankruptcy Code.

        5.      All original pleadings shall be captioned as set forth immediately above,

and all original docket entries shall be made in the case of Draw Another Circle, LLC, Case No.

16-_____ (      ).

        6.      The Clerk shall make a notation substantially similar to the following on

the docket of each Debtor (other than Draw Another Circle, LLC):

> An order has been entered in this case directing the joint administration of the chapter 11 cases of Draw Another Circle, LLC, Hastings Entertainment, Inc., MovieStop, LLC, SP Images, Inc., Hastings Internet, Inc., and all subsequently filed chapter 11 cases of such debtors' affiliates. The docket in the chapter 11 case of Draw Another Circle, LLC, Case No. 16-_____ (__) should be consulted for all matters affecting this case.

7.      The Clerk shall maintain a single pleadings docket and file under the case number assigned to Draw Another Circle, LLC, which shall be the pleadings docket and file for all of these Cases.

8.      This Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

9.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
          _____, 2016


                                            _____
                                            United States Bankruptcy Judge